IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.  § | NO. 3:14-CR-293-M |
| § | |
| JOHN WILEY PRICE (01), § | |
| KATHY LOUISE NEALY (02), § | |
| DAPHENY ELAINE FAIN (03), § | |
| CHRISTIAN LLOYD CAMPBELL (04), § | |

## ORDER DECLARING CASE COMPLEX AND CONTINUING TRIAL DATE

This matter is before the Court on the parties' Joint Motion to Have Case Declared Complex and to Continue Trial Date, filed August 22, 2014.

The four defendants have been indicted in a 12-count, 107-page indictment charging violations of Conspiracy to Commit Bribery Concerning a Local Government Receiving Federal Benefits in violation of 18 U.S.C. § 371 (18 U.S.C. § 666(a)(1)(B) and (a)(2)); Deprivation of Honest Services by Mail Fraud and Aiding and Abetting in violation of 18 U.S.C. §§ 1341, 1346, and 2; Conspiracy to Defraud the Internal Revenue Service in violation of 18 U.S.C. § 371; Subscribing to a False and Fraudulent U.S. Individual Income Tax Return in violation of 26 U.S.C. § 7206(1); Attempt to Evade or Defeat Payment of Tax in violation of 26 U.S.C. § 7201; and False Statement in violation of 18 U.S.C. § 1001.

The grand jury handed up the sealed indictment on July 23, 2014. The defendants made their initial appearances on July 25, 2014, and all four were released with conditions. The case is currently set for trial on Monday, September 29, 2014, and pretrial motions are due August 25, 2014. The parties request the Court to declare this case complex and to grant an "ends of justice" continuance of the trial.

Pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court can grant an "ends of justice"

continuance "at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge grant[s] such continuance on the basis of [her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.*  One of the factors the Court may consider in granting an "ends of justice" continuance is "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. § 3161(h)(7)(B)(ii).

The indictment charges the defendants in multiple counts that describe bribery and tax conspiracies spanning ten years, from approximately 2001 to 2011, involving numerous financial transactions and relating to multiple companies having contracts or other business with Dallas County.  Moreover, the parties maintain that the discovery materials are voluminous and include electronic data estimated to exceed 6 terabytes from numerous computers, electronic devices, searches, subpoenas, voluntary disclosures, and other investigative methods, as well as an additional amount of material consisting of audio and video recordings, photos, tax documents, and materials too bulky to scan.

Based on the reasons cited in the parties' agreed motion, the Court finds that this case is so complex within the statutory definition of 18 U.S.C. § 3161(h)(7)(B)(ii) that, for the reasons cited in the motion, it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by 18 U.S.C. § 3161.  The Court therefore finds that the ends of justice served by the granting of a trial continuance for the duration requested by the parties outweigh the best interest of the public and the defendants in a speedy

trial, pursuant to 18 U.S.C. § 3161(h)(7)(A).

The parties' agreed motion to have this case declared complex and to continue the trial date is **GRANTED**. The Court continues the trial of this case to **Tuesday, January 19, 2016, at 9:00 a.m.**. The Pretrial Conference is also continued to **Monday, January 11, 2016, at 9:00 a.m.**

Except for those motions as to which dates were set in the Court's Order of August 21, 2014, which will remain in effect unless specifically modified by the Court, pretrial motions, if any, must be filed by **November 2, 2015**, and responses thereto must be filed by **November 16, 2015**.

**Initial Designation of Experts:** Unless otherwise stipulated or directed by Order, any party with the burden of proof on an issue shall file a written designation of the name and address of each **expert witness** who will testify at trial on such issue(s) and otherwise comply with Rule 16(a)(1)(G), Fed. R. Crim. P., on or before **November 2, 2015**.

**Responsive Designation of Experts:** Any party without the burden of proof on an issue but who wishes to utilize an expert witness shall file a written designation of the name and address of each **expert witness** who will testify at trial for that party on such issue(s) and shall otherwise comply with Rule 16(a)(1)(G) on or before **November 16, 2015**.

**Objections to Experts:** Objections to the qualifications or competency of experts, sometimes referred to as <u>Daubert</u> motions, <u>must</u> be made in a written motion filed no later than **November 30, 2015**.

Requested voir dire questions, proposed jury instructions (both e-filed and emailed in

"Word" format to the email address lynn_orders@txnd.uscourts.gov), witness lists (with witnesses designated as "custodial", "expert", or "fact", as well as "probable" or "possible"), exhibit lists (with copies of exhibits furnished to the Court and opposing parties), and motions in limine must be filed no later than **January 4, 2016**.  The list of exhibits shall describe the documents or items in numbered sequence.  The documents or items to be offered as exhibits shall be numbered by attachment of gummed labels to correspond with the sequence on the exhibit list.  **Do not use letter suffixes to identify exhibits (***e.g.***, designate them as 1, 2, 3, not as 1A, 1B, 1C)**.  In addition, counsel for each party intending to offer exhibits shall **exchange a set** of marked exhibits with opposing counsel and shall **deliver a set of marked exhibits to the Court's chambers** (except large or voluminous items that cannot be easily reproduced).  Exhibits are to be placed in three-ring binders, including numbered tabs, and each binder is to be labeled with the style of the case, case number, name of the party, and volume number of the binder.  A copy of the exhibit list must be furnished to the court reporter **prior** to trial.  Counsel for the parties shall be prepared to submit to the jury, to accompany all exhibits that have been admitted, an index of such exhibits, with neutral descriptions of the exhibits, including where possible the author and date of each.  During trial, witnesses are to be called by their last, not first, names.

    Judge Lynn enforces the rules of limited cross examination at trial.  Redirects and recrosses are limited to the subject of the immediately preceding examination.  **Each party is responsible for keeping track of which exhibits are admitted during trial, to confer with opposing counsel on a consolidated list, and to submit it as a table of contents to accompany the exhibits to the jury room and to file of record in the case.**  If the parties

have electronic evidence they intend to admit as exhibits and send back to the jury room, the parties need to bring the necessary equipment to play it in the jury room.

If the government intends to call as witnesses persons who are under indictment but who have not been found guilty by the District Court where the indictment is pending, or if the government has reason to believe that it will ask questions of a witness, the answer to which may tend to incriminate the witness, and immunity has not been extended, the Assistant United States Attorney trying the case shall advise the Court of that fact before the witness testifies.

All counsel are directed to advise the Court four (4) days before trial if a plea agreement has been reached. If such an agreement has been reached, except in unusual circumstances where such cannot reasonably be done, counsel are to furnish an executed copy to the Court at least three (3) days before trial.

Counsel should be mindful that a last-minute trial cancellation inconveniences all the citizens who have come to serve as jurors and wastes taxpayer money. To avoid such a cancellation, counsel should complete plea negotiations prior to the date scheduled for trial.

Additionally, counsel for each defendant should ensure that the defendant has appropriate court attire to wear on the day of trial.

**SO ORDERED.**

**DATED:**     August 26, 2014.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS