

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

UNITED STATES OF AMERICA

v.

CHRISTIAN LLOYD CAMPBELL (04)

Case No. 3:14-CR-293-M

## PLEA AGREEMENT

Defendant Christian Lloyd Campbell (Campbell), the defendant's attorney Shamoil T. Shipchandler, and the United States of America (the government) agree as follows:

1. **Rights of the defendant**: Campbell understands that he has the rights

    a.    to plead not guilty;

    b.    to have a trial by jury;

    c.    to have his guilt proven beyond a reasonable doubt;

    d.    to confront and cross-examine witnesses and to call witnesses in his defense; and

    e.    against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: Campbell waives these rights and pleads guilty to the offense alleged in Count One of the indictment, charging a violation of 18 U.S.C. § 371 (18 U.S.C. § 666), that is, Conspiracy to Commit Bribery Concerning a Local Government Receiving Federal Benefits. Campbell understands the nature and elements of the crimes to which he is pleading guilty, and agrees that the factual resume he has signed is true and will be submitted as evidence.

3.   **Sentence**: The maximum penalties the Court can impose include:

    a.   imprisonment for a period not to exceed five years;

    b.   a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

    c.   a term of supervised release of not more than three years, which may be mandatory under the law and will follow any term of imprisonment. If Campbell violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

    d.   a mandatory special assessment of $100;

    e.   restitution to victims or to the community, which is mandatory under the law, and which Campbell agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

    f.   forfeiture; and

    g.   costs of incarceration and supervision.

4.   **Sentencing agreement**: Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties agree that the following terms reflect the interests of justice:

    a.   A maximum term of imprisonment of no more than 36 months;

    b.   Any restitution, fine, and/or term of supervised release at the discretion of the Court; and

    c.   A special assessment of $100.

The parties reserve all rights to advocate for an appropriate advisory sentencing range under the United States Sentencing Guidelines and 18 U.S.C. § 3553 subject to the custody sentence limitation provision.

5.   **Rejection of agreement**: Pursuant to Fed. R. Crim. P. 11(c)(5), if the Court

rejects this plea agreement, Campbell will be allowed to withdraw his guilty plea. If Campbell declines to withdraw his guilty plea, the disposition of the case may be less favorable than that contemplated by the plea agreement.

6.    **Mandatory Special Assessment**: Prior to sentencing, Campbell agrees to pay to the U.S. District Clerk the amount of $100, in satisfaction of the mandatory special assessment in this case.

7.    **Defendant's Agreement**: Campbell shall give complete and truthful information and/or testimony concerning his participation in the offense of conviction. Upon demand, Campbell shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution. Campbell expressly authorizes the United States Attorney's Office to immediately obtain a credit report on him in order to evaluate his ability to satisfy any financial obligation imposed by the Court. Campbell fully understands that any financial obligation imposed by the court, including a restitution order and/or the implementation of a fine, is due and payable in accordance with the Court's final judgment. In the event the Court imposes a schedule for payment of restitution, Campbell agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy his full and immediately enforceable financial obligation. Campbell understands that he has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the court.

8.    **Government's agreement**: The government will not bring any additional

charges against Campbell based upon the conduct underlying and related to the
defendant's plea of guilty. The government will file a Supplement in this case, as is
routinely done in every case, even though there may or may not be any additional terms.
This agreement is limited to the United States Attorney's Office for the Northern District
of Texas and does not bind any other federal, state, or local prosecuting authorities, nor
does it prohibit any civil or administrative proceeding by the government against
Campbell or any property.

9.     **Violation of agreement**: Campbell understands that if he violates any
provision of this agreement, or if his guilty plea is vacated or withdrawn, the government
will be free from any obligations of the agreement and free to prosecute Campbell for all
offenses of which it has knowledge. In such event, Campbell waives any objections
based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other
than a finding that it was involuntary, Campbell also waives objection to the use against
him of any information or statements he has provided to the government, and any
resulting leads.

10.    **Voluntary plea**: This plea of guilty is freely and voluntarily made and is
not the result of force or threats, or of promises apart from those set forth in this plea
agreement. There have been no guarantees or promises from anyone as to what sentence
the Court will impose.

11.    **Waiver of right to appeal or otherwise challenge or seek reduction in
sentence**: Campbell waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C.
§ 3742, to appeal from his conviction and sentence. He further waives his right to contest

the conviction, sentence, fine and/or order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. He further waives his right to seek any future reduction in his sentence (e.g., based on a change in sentencing guidelines or statutory law). Campbell, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment that is applicable at the time of his initial sentencing, or (ii) an arithmetic error at sentencing; (b) to challenge the voluntariness of his plea of guilty or this waiver; and (c) to bring a claim of ineffective assistance of counsel.

12.     **Waiver of the Statute of Limitations and Withdrawal Defense**: The defendant knowingly and intentionally, and with advice of counsel, waives any defense arising from the computation of time related to any applicable statute of limitations for the violation of 18 U.S.C. § 371 (18 U.S.C. § 666) as charged in the indictment as well as any defense based on withdrawal from the conspiracy.

13.     **Representation of counsel**: Campbell has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. Campbell has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Campbell has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

14.     **Entirety of agreement**: This document is a complete statement of the

parties' agreement and may not be modified unless the modification is in writing and

signed by all parties.  This agreement supersedes any and all other promises,

representations, understandings, and agreements that are or were made between the

parties at any time before the guilty plea is entered in court.  No promises or

representations have been made by the United States except as set forth in writing in this

plea agreement.

AGREED TO AND SIGNED this 29 day of _____JUNE_____, 2015.

JOHN R. PARKER
ACTING UNITED STATES ATTORNEY

_____
CHRISTIAN LLOYD CAMPBELL
Defendant

_____
WALT M. JUNKER
Assistant United States Attorney
Texas Bar No. 24038115
1100 Commerce, Suite 300
Dallas, Texas 75242
Telephone: 214.659.8600
Facsimile: 214.659.8805
E-mail: walt.junker@usdoj.gov

_____
SHAMOIL T. SHIPCHANDLER
Bracewell & Giuliani LLP
1445 Ross Avenue, Suite 3800
Dallas, Texas 75202
Attorney for Defendant
Telephone: 214.758.1048
Facsimile: 800.404.3970
E-mail: shamoil.shipchandler@bgllp.com

_____
CHAD E. MEACHAM
Criminal Chief

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____        6/29/15
CHRISTIAN LLOYD CAMPBELL                Date
Defendant


I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.


_____        6/29/15
SHAMOIL T. SHIPCHANDLER                 Date
Bracewell & Giuliani LLP
1445 Ross Avenue, Suite 3800
Dallas, Texas 75202
Attorney for Defendant
Telephone: 214.758.1048
Facsimile: 800.404.3970
E-mail: shamoil.shipchandler@bgllp.com